62 F.3d 1411
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Pedro SOTO-ALVAREZ, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 94-2230.
 United States Court of Appeals,
First Circuit.
 July 20, 1995.
 
 Pedro Soto-Alvarez on brief pro se.
 Jo Ann Harris, Assistant Attorney General, Theresa M.B. Van Vliet, Chief, and Lena Watkins, Attorney, Criminal Division, Narcotic and Dangerous Drug Section, Department of Justice, on brief for appellee.
 D.Puerto Rico.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Pedro Soto-Alvarez appeals the dismissal by the United States District Court for the District of Puerto Rico of his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. Petitioner raises three claims on appeal.
 
 
 2
 First, Soto-Alvarez alleges that he received ineffective assistance of counsel because his counsel previously had been hired by Jose Panzardi Alvarez to represent Panzardi's wife, Gloria Nieves, when she and Panzardi pled guilty to violating the civil rights of a government informant by killing him. Panzardi and Nieves, along with Soto-Alvarez and others, had been members of an organization involved in the shipment of drugs from Colombia to Puerto Rico. After pleading guilty to killing the informant, Panzardi and Nieves agreed to testify against members of their own organization. According to Soto-Alvarez, his counsel's divided loyalties kept him from effectively cross-examining Panzardi in regard to Panzardi's testimony that he and Soto-Alvarez had traveled together to Venezuela to purchase heroin and cocaine. Panzardi's passport failed to reveal any travel to Venezuela at the time in question. Soto-Alvarez also asserts that divided loyalties prevented his counsel from effectively cross-examining Panzardi and Nieves as to their prior records and their agreement to cooperate with government. Such cross-examination would, in Soto-Alvarez' view, have undermined the credibility of Panzardi and Nieves.
 
 
 3
 To show an entitlement to relief, Soto-Alvarez must show that his counsel failed to pursue a plausible alternative defense strategy because of divided loyalties. United States v. Garcia-Rosa, 876 F.2d 209, 231 (1st Cir.1989). The record reveals that, while Soto-Alvarez's counsel did not cross- examine Panzardi about the discrepancy between his testimony and his passport stamp, counsel did impeach that testimony, during closing argument, by calling the jury's attention to the passport, which had been introduced as evidence, and its apparent conflict with Panzardi's account. As to the prior records of Panzardi and Nieves and their cooperation with the government, this court has previously found that both Panzardi and Nieves were "cross-examined thoroughly" by counsel for Soto-Alvarez's codefendants, that the jury was made aware of their involvement in the murder of the informant, and that their credibility had been "more than sufficiently explored." Garcia-Rosa, 876 F.2d at 237 & n.23. Therefore, further cross- examination of the witnesses by counsel for Soto-Alvarez on these issues would largely have been cumulative. Since Soto-Alvarez has not alleged any specific details as to the conduct of Panzardi and Nieves which were not explored at trial, he has failed to show the existence of an alternative defense strategy which was not pursued at trial.
 
 
 4
 Soto-Alvarez also alleges that he received ineffective assistance of counsel because counsel failed to advise him of his right to testify in his own behalf. Even if we assume arguendo that the bare allegation is sufficient to show that counsel had been constitutionally deficient, but see Underwood v. Clark, 939 F.2d 473, 475-76 (7th Cir.1991) ("barebones assertion" that attorney told client he could not testify insufficient, absent "greater particularity," to necessitate evidentiary hearing), Soto-Alvarez still must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 5
 Soto-Alvarez alleges that, if allowed to testify, he would have refuted Panzardi's testimony as to the alleged trip to Venezuela to purchase drugs. However, Soto-Alvarez has failed to show either that, if allowed to testify, he would have brought to the jurors' attention any information of which they were not already aware or how that testimony would have made it reasonably probable that Soto-Alvarez would not have been convicted on the charges for which he is now imprisoned. First, as already noted, the discrepancy in Panzardi's account of the trip was brought to the jury's attention. Moreover, the evidence of the trip went to prove that Panzardi and Soto-Alvarez were members of a conspiracy to possess with intent to distribute cocaine and heroin and Soto-Alvarez' conviction on the conspiracy charge has already been reversed. United States v. Soto-Alvarez, 958 F.2d 473, 478 (1st Cir.), cert. denied, 113 S.Ct. 221 (1992). Third, there was sufficient evidence of Soto-Alvarez' guilt as to the other charges on which he was convicted without relying on the fact that he and Panzardi traveled to Venezuela together. Id.
 
 
 6
 Soto-Alvarez' final claim is that the government breached its 1985 plea agreement with him by introducing evidence from the dismissed counts at his 1986 trial. Since this alleged error is neither constitutional nor jurisdictional, Soto-Alvarez is entitled to relief only if the error was "a fundamental defect which inherently result[ed] in a complete miscarriage of justice." Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).
 
 
 7
 According to the 1985 plea agreement, the government agreed not to charge Soto-Alvarez with the possession with intent to distribute 283 grams of cocaine during September 1984. During his 1986 trial, Soto-Alvarez was found guilty of possession with intent to distribute approximately seven kilograms of cocaine. Even if the 283 grams were improperly included within those seven kilograms, the jury supportably found that, aside from these 283 grams, Soto-Alvarez possessed with the intent to distribute almost six and three quarters kilograms of cocaine. Since Soto-Alvarez has provided no evidence that, even without the inclusion of the 283 grams, either the verdict or his sentence would have been any different, we find no miscarriage of justice in this case.
 
 
 8
 The district court order dismissing Soto-Alvarez's petition is affirmed.