USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1374 STEPHEN TED KNIGHT, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Arthur R. Silen for appellant. _______________ Margaret D. McGaughey, Assistant United States Attorney, with ______________________ whom Jay P. McCloskey, United States Attorney, was on brief for the ________________ United States. ____________________ October 20, 1994 ____________________ CAMPBELL, Senior Circuit Judge. Petitioner ______________________ Stephen Knight appeals from a district court order denying his motion under 28 U.S.C. 22551 to correct his federal sentence of 78 months in prison and his fine of $15,000. We affirm. I. On May 25, 1990, Knight waived indictment and pleaded guilty to a four-count federal information. The information alleged that Knight had participated in a cocaine conspiracy, had sold marijuana on two occasions, and had possessed cocaine with intent to distribute. The presentence investigation report (PSI), prepared by a probation officer, provided information about Knight's criminal history and financial status. The PSI indicated that several months earlier Knight had pleaded guilty to state drug violations, stemming from a June 1989 ____________________ 1. 28 U.S.C. 2255 provides: A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C.A. 2255 (1994). -2- 2 arrest in Maine. For these offenses, Knight had been sentenced in state court to five years in prison. After a hearing, the federal district court sentenced Knight on August 24, 1990 to 96 months in prison and imposed a $15,000 fine. In calculating the sentence, the court added three points to Knight's criminal history score because of the prior state sentence, in accordance with U.S.S.G. 4A1.1(a). The addition of these three points raised the applicable sentencing range from 63-78 months to 78-97 months. The district court imposed a sentence near the top of the latter range although, later, in August 1993, it reduced the sentence to 78 months, on motion of the government pursuant to Fed. R. Crim. P. 35(b). Knight did not appeal from his federal sentence. In October of 1992, Knight brought this separate proceeding in the district court under 28 U.S.C. 2255, collaterally attacking his federal sentence. Following an evidentiary hearing, a magistrate judge recommended that Knight's motion be denied. After considering the matter de __ novo, the district court denied Knight's 2255 motion. This ____ appeal followed. II. A. Claims of Error under Sentencing Guidelines ___________________________________________ Knight argues that it was error for the sentencing court to add three points to his criminal history score on -3- 3 account of his prior state sentence. Under U.S.S.G. 4A1.1(a), a sentencing judge must add three points for each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. 4A1.2(a)(1) defines a "prior sentence" as: "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense" (emphasis ____________________________________________ added). Knight argues that the state offenses for which he was previously sentenced were "part of the instant offense," hence should not have been counted toward his criminal history score. Knight says the state and federal offenses were all part of a common scheme or plan involving the same individuals and occurring over roughly the same time period. Accordingly, he argues, the state sentence of imprisonment should not have been counted in figuring his criminal history score.2 ____________________ 2Knight did not specifically argue below, as he does here, that the sentencing court committed error in failing to find that the state and federal offenses were related. Rather, Knight argued that his counsel at sentencing rendered ineffective assistance by failing to point out that the offenses were related. Both the magistrate and district court found that counsel's conduct did not constitute ineffective assistance, since Knight had not shown a reasonable possibility that this argument would have succeeded or result in a lower sentence. Knight now appears to have abandoned the ineffective assistance aspect of the claim, arguing simply that the district court erred. Ordinarily, claims not raised below cannot be raised for the first time on appeal, but as the government has not objected on this ground, and as the claim fails in any event, we overlook that it was not raised below. -4- 4 Knight also argues that the sentencing court abused its discretion in imposing a $15,000 fine in light of his inability to pay. U.S.S.G. 5E1.2(a) provides that a district court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. 5E1.2(f) further states that if the defendant establishes that he "is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine . . . the court may impose a lesser fine or waive the fine. Knight argues that the PSI clearly indicated that he was unable to pay the $15,000 fine, even under a reasonable installment schedule. Accordingly, he argues, it was an abuse of discretion for the sentencing court to have imposed the fine. We do not reach the merits of either of the above contentions. We hold that neither of them can now be raised within a collateral proceeding under 28 U.S.C. 2255. 28 U.S.C. 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" -5- 5 Hill v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468, ____ _____________ 470, 7 L.Ed 2.d 417 (1962) (quoting the statute). Neither of Knight's present claims alleges a constitutional error or lack of jurisdiction. Thus, the claims can only be properly brought under 2255 if they allege that the sentence "was in excess of the maximum authorized by law," "was imposed in violation of the . . . laws of the United States," or "is otherwise subject to collateral attack." While the statutory language is rather general, the Supreme Court has narrowly confined the scope and availability of collateral attack for claims that do not allege constitutional or jurisdictional errors. Such claims are properly brought under 2255 only if the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill, 368 ____ U.S. at 428. The error must "present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. (quoting Bowen v. _____________ ___ _____ Johnston, 306 U.S. 19, 27 (1939)); see Fasano v. Hall, 615 ________ ___ ______ ____ F.2d 555, 557 (1st. Cir.), cert. denied, 449 U.S. 867 (1980). ____________ Errors warranting a reversal on direct appeal will not necessarily support a collateral attack. See United States ___ _____________ v. Addonizio, 442 U.S. 178, 184-85, 99 S. Ct. 2235, 2239-40, _________ 60 L.Ed 2d 805 (1979). The reason for so sharply -6- 6 limiting the availability of collateral attack for nonconstitutional, nonjurisdictional errors is that direct appeal provides criminal defendants with a regular and orderly avenue for correcting such errors. The Supreme Court has repeatedly emphasized that 2255 is not a substitute for direct appeal. See, e.g., United States v. Frady, 456 U.S. ___ ____ _____________ _____ 152, 165, 102 S. Ct. 1584, 1593 71 L.Ed 2d 816 (1982); Addonizio, 442 U.S. at 184-85; Sunal v. Large, 332 U.S. 174, _________ _____ _____ 178, 67 S. Ct. 1588, 92 L.Ed 1982 (1947). A nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under 2255 absent exceptional circumstances. See Stone v. ___ _____ Powell, 428 U.S. 465, 177 n.10, 96 S. Ct. 3037, 3044 n.10, 49 ______ L.Ed. 1067 (1976); Suveges v. United States, 7 F.3d 6, 10 _______ _____________ (1st Cir. 1993) (applying cause and prejudice standard to procedural default of jurisdictional claim). The Supreme Court has on four occasions considered whether a particular nonconstitutional, nonjurisdictional claim was properly brought under 2255. See Hill, 368 U.S. ___ ____ at 428 (denial of allocution at sentencing in violation of Fed. R. Crim. P. 32(a) is not a "miscarriage of justice"); United States v. Timmreck, 441 U.S. 780, 784-85, 99 S. Ct. ______________ ________ 2085, 60 L.Ed. 2d 805 (1979) (error under Fed. R. Crim. P. 11 in procedure for taking a guilty plea not a "miscarriage of justice"); Addonizio, 442 U.S. at 184-90 (subsequent change _________ -7- 7 in U.S. Parole Commission's parole policies not sufficient to constitute basis for collateral attack). In one of these cases, the Court found that the error did justify collateral attack. Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. _____ _____________ 2298, 2305, 41 L.Ed. 2d 109 (1974) (subsequent change in substantive law making defendant's former behavior lawful does constitute sufficient basis for collateral attack). ____ While the above cases are not on all fours, we think it obvious that Knight's two claims fall far short of the "miscarriage of justice" standard. Knight's first claim is essentially that the district court made an erroneous finding of fact which led to the misapplication of the sentencing guidelines. Knight's second claim is that the district court abused a discretion explicitly committed to it by the sentencing guidelines. Neither claim is based upon an "exceptional circumstance." Rather, each alleges ordinary errors that could and should have been raised by Knight on direct appeal. And even assuming error was committed,3 the error would not amount to a "complete miscarriage of justice." Knight's eventual sentence was 78 months, within ____________________ 3 While we do not reach the merits of Knight's claims of error, we note that they are questionable on their face. At the evidentiary hearing, the magistrate judge found that the state and federal offenses involved different individuals and overlapped only very slightly in time. The only evidence that Knight offers is his own testimony stating, in very general terms, that the offenses were related. Similarly, Knight offers scant evidence that the district court abused its discretion in setting the fine. -8- 8 the range that would have been imposed even if the district court had not added three points to his criminal history score. Similarly, Knight's $15,000 fine was at the very bottom of the available range ($12,500 to $2 million). Accordingly, even if error was committed, it would fall well short of being a "complete miscarriage of justice." Knight, moreover, who was fully aware of his right to appeal, could have raised the purported error by direct appeal. Although Knight's counsel at the time decided that there were no issues worthy of appeal, he offered to direct Knight to alternative counsel who could help Knight with his appeal. Knight did not take advantage of this offer. Knight does not allege that there have been any new legal or factual developments justifying his failure to appeal. Allowing Knight to bring his claim at this late date would essentially be allowing him to use 2255 as a substitute for appeal. See Sunal, 332 U.S. at 178. Having bypassed his opportunity ___ _____ to raise the claim on direct appeal, he cannot raise it now on collateral attack. See Stone, 428 U.S. at 177 n.10; ___ _____ Singleton v. United States, 26 F.3d 233, 239 (1st Cir. 1994), _________ _____________ petition for cert. filed, (July 22, 1994) (No. 94-5551) __________________________ (failure to appeal claim of improper joinder bars raising claim under 2255). Several circuit courts have considered the availability of collateral attack for various errors in the -9- 9 application of the sentencing guidelines and have concluded that such errors are not cognizable under 2255. See, e.g., ___ ____ United States v. Faubion, 19 F.3d 226, 232-33 (5th Cir. 1994) _____________ _______ (erroneous upward departure under sentencing guidelines not a "miscarriage of justice"); Scott v. United States, 997 F.2d _____ ______________ 340, 341-42 (7th Cir. 1993) (erroneous criminal history score under sentencing guidelines not subject to collateral attack); United States v. Vaughn, 955 F.2d 367, 368 (5th ______________ ______ Cir. 1992) (error in technical application of sentencing guidelines not subject to collateral attack). While we do not hold that an error in the application of the sentencing guidelines could never constitute a "complete miscarriage of justice," Knight's claims here do not meet that standard. The proper place for Knight to raise these issues was on direct appeal. Knight has failed to show cause for his failure to raise these two issues on appeal. Having bypassed his opportunity to raise these claims on direct appeal, he cannot raise them now on collateral attack. B. Ineffective Assistance Claim ____________________________ Unlike the two arguments asserted above, Knight's claim of ineffective assistance of counsel is properly before us under 28 U.S.C. 2255. The claim is a constitutional one, and thus falls within the plain wording of 2255. Moreover, Knight's failure to raise this claim on direct -10- 10 appeal from his sentence does not bar his asserting it on collateral attack. Normally, failure to raise a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the defendant can show cause for the failure and actual prejudice. See Coleman, 501 ___ _______ U.S. at 750. However, the failure to bring a claim of ineffective assistance of counsel on direct appeal is not subject to the cause and prejudice standard. See Brien v. ___ _____ United States, 695 F.2d 10, 13 (1st Cir. 1982). In Brien, we _____________ _____ held the cause and prejudice standard inapplicable, since a criminal defendant may still have been represented on appeal by the counsel whose assistance the defendant is now challenging (as was the case here).4 Id. In fact, this ___ court has repeatedly held that collateral attack is the preferred forum for such claims, since there is often no _________ opportunity to develop the necessary evidence where the claim is first raised on direct appeal. See United States v. ___ ______________ Jadusingh, 12 F.3d 1162, 1169-70 (1st Cir. 1994); United _________ ______ States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993), cert. ______ ____ _____ denied, 114 S. Ct. 1839 (1994); United States v. Latorre, 922 ______ _____________ _______ F.2d 1, 9, (1st Cir. 1990), cert. denied, 112 S. Ct. 217 ____________ (1991); United States v. Sanchez, 917 F.2d 607, 613, (1st _______ Cir. 1990), cert. denied, 499 U.S. 977 (1991). ____________ ____________________ 4Although Brien held inapplicable the standard as _____ articulated under Frady, the same reasoning applies to the _____ standard as articulated in Coleman. _______ -11- 11 The familiar two-part test for ineffective assistance of counsel is laid out by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668, 687, 104 __________ __________ S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Under the first prong of the Strickland test, a defendant claiming __________ ineffective assistance of counsel must first demonstrate that counsel's performance fell below an objective standard of reasonableness. This means that the defendant must show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, ____ ________ 474 U.S. 52, 56, 106 S. Ct. 366, 369, 88 L.Ed. 2d 203 (1985) (citation omitted). A court must review counsel's actions deferentially. Strickland, 466 U.S. at 689; Burger v. Kemp, __________ ______ ____ 483 U.S. 776, 789, 107 S. Ct. 3114, 3123, 97 L.Ed. 2d 638 (1987). Under the second prong of Strickland, the defendant __________ must prove that he or she was prejudiced by the errors. That is, the defendant must prove that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. __________ at 687. Knight complains that his counsel in both the state and the previous federal proceedings, James LaLiberty, failed to tell him about the impact that his state sentence would have on his federal sentence, thereby misrepresenting the likely federal sentence. -12- 12 However, assuming for the moment that Knight could satisfy the first prong of the Strickland test, Knight has __________ failed to show that he was prejudiced by the alleged error. Knight has not asserted that he would not have pleaded guilty to the federal indictment had he known of the effect the state sentence would have on his federal sentence. See Hill, ___ ____ 474 U.S. at 59 (no ineffective assistance of counsel absent showing that, but for error, defendant would not have pleaded guilty); Lopez-Nieves v. United States, 917 F.2d 645, 650 ____________ _____________ (1st Cir. 1990). Rather, Knight appears to argue that the knowledge might have affected his guilty plea to the state _____ offenses. It is difficult, however, to see how this is relevant to the current federal proceeding. (Knight admitted at the evidentiary hearing that, even had he known of the impact his state sentence would have on his federal sentence, he might still have pleaded guilty to the state offenses.) Knight has not established, moreover, that his federal sentence would have been any shorter had he known. Although he now suggests that he might have been able to garner a better plea bargain, he has provided no basis for this proposition. What evidence there is suggests exactly the opposite: that if Knight had refused the agreement, he might have been subject to consecutive sentences which would have greatly prolonged his prison time. Moreover, LaLiberty's overall prediction, that Knight would receive -13- 13 between five and eight years in the federal sentencing, proved to be accurate. Knight's sentence was first set at 96 months, and then reduced to 78 months. Both of these figures were within the predicted range. Thus, it is difficult to see how Knight could have been prejudiced by the errors alleged. Even if the prediction had been inaccurate, an inaccurate prediction about sentencing will generally not alone be sufficient to sustain a claim of ineffective assistance of counsel. See United States v. Arvanitis, 902 ___ _____________ _________ F.2d 489, 494-95 (7th Cir. 1990) (no ineffective assistance where claim based only on inaccurate prediction of sentence); United States v. Turner, 881 F.2d 684, 687 (9th Cir.), cert. ______________ ______ _____ denied, 493 U.S. 871 (1989) (same); United States v. Sweeney, ______ _____________ _______ 878 F.2d 68, 69 (2d Cir. 1989) (same); cf. Calabrese v. ___ _________ United States, 507 F.2d 259, 260 (1st Cir. 1974) _______________ (voluntariness of plea not subject to attack under 2255 where sentence exceeded that predicted by counsel). Since Knight has not satisfied the second prong of Strickland, we need not address the first prong. We hold __________ that the district court was correct in finding that Knight's assistance of counsel was not constitutionally defective.5 ____________________ 5 In addition to the above argument, Knight makes several claims that could be construed as asserting other bases for ineffective assistance. Knight appears to argue: that LaLiberty somehow erred in failing to warn Knight that his cooperation with state officials might result in a -14- 14 III. We hold that Knight's two claims of error in the application of the sentencing guidelines cannot presently be maintained in a proceeding under 28 U.S.C. 2255. We also find that the district court did not err in finding that Knight did not receive constitutionally ineffective assistance of counsel. Affirmed. ________ ____________________ subsequent federal prosecution; that LaLiberty erred in failing to negotiate immunity from federal prosecutors prior to having Knight speak with them; that LaLiberty erred in failing to argue that Knight's state and federal offenses were related for the purpose of sentencing. Knight, however, does not provide any support for these allegations. Moreover, he did not make these arguments at either of the proceedings below. We find them to be without merit. See ___ United States v. Panitz, 907 F.2d 1267, 1272 n.4 (1st Cir. ______________ ______ 1990). -15- 15