50 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Porfilio Martinez MEJIA, Petitioner, Appellant.
 No. 94-1302.
 United States Court of Appeals,
First Circuit.
 March 27, 1995.
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Francis J. Boyle, Senior U.S. District Judge ]
 J. Michael McGuinness, McGuinness & Parlagreco on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Zechariah Chafee, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Porfilio Martinez-Mejia appeals the denial by the United States District Court for the District of Rhode Island of his pro se "motion to correct presentence investigation report." Since this motion was filed after the time for a direct appeal had expired, we treat the motion as one pursuant to 28 U.S.C. Sec. 2255.
 
 
 2
 Martinez-Mejia, now represented by counsel, raises three issues. First, he asserts certain factual "inaccuracies" in the presentence report [PSR]. Second, he claims that the district court erred in accepting the recommendation of the PSR and denying him a two level reduction for acceptance of responsibility. Finally, he notes that the PSR states that he was convicted of conspiracy to possess with intent to distribute more than 500 grams of cocaine, whereas the judgment lists the offense as possession with intent to distribute more than 500 grams of cocaine.
 
 
 3
 Neither of the first two asserted claims alleges a constitutional or a jurisdictional error. Since Martinez-Mejia failed to pursue either claim on direct appeal, any error would warrant reversal only in "exceptional circumstances" and only if the error resulted in a "complete miscarriage of justice." Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). We have reviewed carefully the record in this case and find nothing which indicates that justice miscarried.
 
 
 4
 As to third claim, Martinez-Mejia suffered no discernible prejudice from the variance between the offense as listed on the PSR and the offense as listed on the judgment. Nonetheless, we direct the district court to correct the record as appropriate. See Fed. R. Crim. P. 36.
 
 
 5
 Affirmed.