Schultz v. USA                           CV-95-570-SD  12/20/95
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Brian K. Schultz


     v.                                        Civil No. 95-570-SD


United States of America


                            O R D E R


     Invoking the provisions of 28 U.S.C. § 2255,[1] Brian K.

Schultz has petitioned the court to modify the conditions of his

supervised release.  Document 1.  The relief sought is permission

to fulfill the conditions of such supervised release by working

and residing in Philadelphia, Pennsylvania.  Id.[2]  The government

opposes the petition.  Document 11.

_____

     [1]Petitioner also relies on the provisions of Rule 32.1, Fed.
R. Crim. P.  For reasons hereinafter indicated, the notice and
hearing requirements of that rule are not applicable to these
proceedings.

     [2]The United States Probation Office (USPO) with jurisdiction
over Philadelphia has rejected the transfer of petitioner's
supervised release to its jurisdiction.  On December 20, 1995,
the court was advised, for the first time, that petitioner now
seeks to transfer his supervised release to the Bronx, New York.
This new request is not timeous, considering the requirements of
further investigation and/or acceptance of any transfer of
supervision by the USPO with jurisdiction over that geographical
area.

## 1. Background

On his plea of guilty to certain federal felonies, defendant was sentenced to a period of incarceration to be followed by a three-year term of supervised release. His challenge to this sentence was rejected on appeal. United States v. Schultz, 970 F.2d 960 (1st Cir. 1992).

Apparently scheduled for release from incarceration on December 26, 1995, petitioner filed his request for supervised release transfer on November 24, 1995. By order of November 29, 1995, this court requested response from the United States Attorney and input from the USPO, and appointed Attorney Warren Nighswander to represent the petitioner.

On December 11, 1995, the government filed its opposition, and on December 20, 1995, the court received Attorney Nighswander's supplemental memorandum, together with petitioner's "Traverse Pleading". Document 12.[3] The court is sincerely appreciative of the alacrity of response from all parties in light of the time constraints here presented.

_____

[3]Following filing of the petitioner's supplemental memorandum, the government in turn filed its opposition to same on December 20, 1995. Document 13.

## 2. Discussion

Relief under 28 U.S.C. § 2255[4] is available only if the party challenging a federal sentence claims the sentence to have been imposed in violation of its statutory terms. Absent claims (not here made) of a constitutional error or lack of jurisdiction, there must be claims made that the challenged sentence "was in excess of the maximum authorized by law" or "is otherwise subject to collateral attack." Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). Any collateral attack requires existence of "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id. (citing and quoting Hill v. United States, 368 U.S. 424, 426-28 (1962)).

Petitioner suggests his claim is aided by the decision in

---

[4]In relevant part, 28 U.S.C. § 2255 provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . .

3

McGregor v. Schmidt, 358 F. Supp. 1131 (W.D. Wis. 1975), wherein a Wisconsin state prisoner claimed a right to be paroled to Oklahoma rather than to Wisconsin. Upon review of the applicable Wisconsin statutes, the court found that Wisconsin would be required to show a compelling state interest in its refusal to allow the Oklahoma placement, as such ruling impinged on the parolee's right to travel.

However, the rationale of McGregor has been questioned in Pennsylvania (Paulus v. Fenton, 443 F. Supp. 473, 476 & n.8 (M.D. Pa. 1977), and has been flatly rejected in the Ninth (Bagley v. Harvey, 718 F.2d 921, 924 (9th Cir. 1983), and Seventh (Alonzo v. Rozanski, 808 F.2d 637, 638 (7th Cir. 1986), Circuits. The court finds the reasoning of these cases to be more persuasive than that adopted in the court in McGregor, supra.

More importantly, transfers of supervised release jurisdiction, 18 U.S.C. § 3605,[5] are discretionary with the

_____

[5]18 U.S.C. § 3605 provides:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same matter. A court to which jurisdiction is transferred under this section is authorized to exercise all powers

4

court, and probationers do not possess a liberty interest in the site of such jurisdiction. <u>United States v. Ohler</u>, 22 F.3d 857, 858-59 (9th Cir. 1993). And the provisions of Federal Rule of Criminal Procedure 32.1 are also inapplicable to such proceedings. <u>Id.</u>

## 3. Conclusion

From what has been hereinabove written, it is clear that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. Accordingly, the petition, together with the supplemental petitions seeking injunctive relief, documents 6 and 7, must be and they are herewith denied.

Petitioner is directed to proceed to the USPO in the District of New Hampshire upon his release from incarceration. The denials of his current requests for transfer of jurisdiction of supervised release which are herein made are without prejudice to his rights, in the future, to seek transfer to another jurisdiction, provided that such jurisdiction agrees to accept

---

over the probationer or releasee that are permitted by this subchapter B or D of chapter 227.

such transfer and supervision of petitioner.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 20, 1995

cc:  United States Attorney
     United States Marshal
     United States Probation
     Warren C. Nighswander, Esq.