USCA1 Opinion

 

 January 2, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1459  FRANCISCO GARCIA AROMI, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Francisco Garcia Aromi on brief pro se. ______________________ Guillermo Gil, United States Attorney, Miguel A. Pereira, ______________ ___________________ Assistant United States Attorney, and Jose A. Quiles Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ ____________________ Per Curiam. Pro se petitioner Francisco Garcia Aromi __________ ___ __ (Garcia) was convicted after pleading guilty to a two count indictment that charged him with robbing the San Sebastian branch of the Banco Popular de Puerto Rico and using and carrying firearms in connection with said robbery, all in violation of 18 U.S.C. 2, 2113(a), (d), (e), and 924(c)(1). He now appeals a district court order that denied his motion to vacate his sentence under 28 U.S.C. 2255.  Garcia's motion and supplemental filings alleged four claims: (1) that he is entitled to a downward adjustment for acceptance of responsibility under a 1992 amendment to U.S.S.G. 3E1.1(a), (2) that he is entitled to a downward adjustment for being a minor participant under U.S.S.G. 3B1.2(b), (3) that his sentence violates the Fifth Amendment's Equal Protection Clause, and (4) that defense counsel rendered ineffective assistance by failing to appeal Garcia's sentence, failing to seek the minor participant adjustment, and failing to explain various matters to Garcia.1 We have thoroughly reviewed the record and the parties' briefs on appeal. We conclude that the district court properly denied Garcia's 3E1.1(a) and Equal Protection  ____________________ 1. Garcia alleged that defense counsel failed to explain the nature of the offense, the fact that Garcia could be held responsible for his codefendants' conduct, the uses of the presentence report, and the consequences of his guilty plea. -2- claims for the reasons stated in the district court's opinion. And while we agree that Garcia's 3B1.2(b) claim was meritless, we note that it also was not cognizable in this 2255 proceeding. See Knight v. Miller, 37 F.3d 769, ___ ______ ______ 771-74 (1st Cir. 1994). We also agree that Garcia's claims that defense counsel rendered ineffective assistance by failing to seek a 3B1.2(b) adjustment and by failing to explain the matters noted in note 1, supra, also were _____ properly denied for the reasons stated in the district court's opinion.2 Finally, Garcia has waived his claim that counsel rendered ineffective assistance by failing to file a notice of appeal because he has not addressed it in his opening brief. Cf. Barrett v. United States 965 F.2d 1184, ___ _______ _____________ 1187 n. 3 (1st Cir. 1992). Accordingly, the judgment of the district court is affirmed. ________  ____________________ 2. Moreover, as Garcia's claim that defense counsel rendered ineffective assistance by failing to explain the various matters identified above was based only on his unsworn allegations, the claim was inadequate on its face. "A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits.....Facts alluded to in an unsworn memorandum will not suffice." United States v. Labonte, No. _____________ _______ 95-1226, slip op. at 36 (1st Cir. Dec. 6, 1995)(citation omitted). -3-