76 F.3d 370
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Jeffrey A. DIMINICO, Defendant, Appellant.
 No. 95-1756.
 United States Court of Appeals, First Circuit.
 Feb. 13, 1996.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. William G. Young, U.S. District Judge ]
 Jeffrey A. Diminico on brief pro se.
 Donald K. Stern, United States Attorney, Mark D. Seltzer, Director, New England Bank Fraud Task Force, Fraud Section, Criminal Division, U.S. Department of Justice, Anita S. Lichtblau and Paul M. Glickman, Trial Attorneys, New England Bank Fraud Task Force, Fraud Section, Criminal Division, U.S. Department of Justice, on brief for appellee.
 D.MASS.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and CYR, Circuit Judges.
 Per Curiam.
 
 
 1
 Jeffrey A. Diminico appeals the district court's denial of his 28 U.S.C. § 2255 motion. The sole argument made in this motion is that the district court improperly delegated to the United States Probation Office the task of setting a payment schedule for restitution.[1] Diminico did not raise this issue at sentencing, and he did not pursue a direct appeal. A § 2255 motion cannot serve as a substitute for appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Having failed to raise his claim of unauthorized delegation of judicial authority on direct appeal, Diminico cannot raise it on collateral attack absent a showing of cause for the failure and actual prejudice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Knight v. United States, 37 F.3d 769, 773-74 (1st Cir.1994). Since Diminico has not even attempted to meet the cause-and-prejudice requirement, we affirm the denial of his § 2255 motion.
 
 
 2
 Affirmed.
 
 
 
 [1]
 On appeal, Diminico raises additional challenges to the district court's restitution order. Since these issues were not presented in his § 2255 motion, we deem them waived. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir.), cert. denied, 115 S.Ct. 51 (1994)