76 F.3d 370
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Antonio MANUELA-LAZU, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 95-1765.
 United States Court of Appeals, First Circuit.
 Feb. 13, 1996.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Raymond L. Acosta, U.S. District Judge]
 Antonio Manuela Lazu on brief pro se.
 John C. Keeney, Acting Assistant Attorney General, Theresa M.B. Van Vliet, Chief, Hope P. McGowan, and John J. Farley, Trial Attorneys, Narcotic and Dangerous Drug Section, Criminal Division, U.S. Department of Justice, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, STAHL and LYNCH, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant-appellant Antonio Manuela-Lazu appeals from the district court's summary dismissal of his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. We affirm.
 
 
 2
 Manuela pleaded guilty to one count of a 39-count indictment charging him and numerous co-defendants with conspiring to possess with intent to distribute 10,000 kilograms of cocaine and 1,000 kilograms of marihuana. The government and Manuela stipulated, for the purposes of the plea agreement, that Manuela was responsible for the importation or distribution of "more than 150 kilograms but less than 500 kilograms of cocaine, including conduct for which the defendant would be otherwise accountable by application of U.S.S.G. § 1B1.3." The plea agreement, consistent with the stipulation, provided that the applicable base offense level was 38. The sentencing court accepted the recommended base offense level and, accordingly, arrived at a guideline sentencing range of 188 to 235 months. The court sentenced him to 188 months' imprisonment. Manuela did not appeal.
 
 
 3
 In his § 2255 motion, Manuela claims that the district court's failure to make an independent finding regarding the quantity of drugs for which he was individually responsible, violated due process. "[F]ailure to raise a constitutional issue [except ineffective assistance of counsel] on direct appeal will bar raising the issue on collateral attack unless the defendant can show cause for the failure and actual prejudice." Knight v. United States, 37 F.3d 769, 774 (1st Cir.1994).
 
 
 4
 Manuela has failed to identify a change in the relevant law or any other "cause" for his failure to raise his due process argument on direct appeal. Accordingly, it is unnecessary to address the prejudice prong of the cause-and-prejudice test. Nor has Manuela demonstrated that a fundamental miscarriage of justice will result from the dismissal of his due process claim. He has not claimed that he entered the stipulation involuntarily or that the guilty plea is in any way defective. Moreover, the PSR reveals that there is a reasonable factual basis for the quantity of drugs that Manuela stipulated to. See U.S.S.G. § 6B1.4.
 
 
 5
 The summary dismissal of Manuela's § 2255 motion is affirmed.