Minnick v. USA                         CV-96-23-SD    05/30/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Wayne Wesley Minnick

   v.                                      Civil No. 96-23-SD

United States of America


O R D E R


Petitioner Wayne Wesley Minnick presently moves the court to reconsider its decision of February 21, 1996, wherein the court denied petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.


Background

As the court noted in its previous order, petitioner's arguments all relate back to certain investigatory and judicial proceedings that occurred in New Jersey in the 1980's. Petitioner was prosecuted in New Jersey on two different charges in two different counties.  In Union County, petitioner was indicted for multiple gambling offenses, whereas a separate prosecution occurred in Hunterdon County upon indictment for various weapons offenses.  Petitioner filed a retraxit plea of guilty as to the gambling charges and was found guilty of the

weapons charges by a jury of his peers.

Petitioner now claims that his "conviction on weapons related charges was based upon evidence obtained in connection with the investigation of his alleged gambling activities." Petitioner's Motion for Reconsideration ¶ 4. Due to alleged ineffective assistance of counsel in the gambling offense prosecution, wherein a motion to suppress evidence was argued and denied, petitioner asserts that such suppression hearing was conducted "in his absence and without his attorney ever conferring with him prior to attempting to represent his interests . . . ." Id. ¶ 5. As a consequence thereof, petitioner continues, his "conviction in New Jersey of possession of prohibited weapons is as invalid as his conviction on gambling activities." Id. ¶ 6.

Discussion

Relief under 28 U.S.C. § 2255 may be disallowed by this court, even in the absence of an evidentiary hearing, "if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief," United States v. LaBonte, 70 F.3d 1396, 1412 (1st Cir. 1995), or if facially adequate allegations are determined to "consist of no more than conclusory prognostications and perfervid rhetoric," id. at 1412-

2

13, or if petitioner's "key factual averments . . . are either inherently improbable or contradicted by established facts of record," id. at 1413.

Arguments founded upon an alleged ineffective assistance of trial counsel "are evaluated against the heavy burden of proof the law imposes." Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996). Thus, the "familiar test", LaBonte, supra, 70 F.3d at 1413, of Strickland v. Washington, 466 U.S. 668 (1984), requires petitioner to "demonstrate both that trial counsel's performance fell below an objective standard of reasonable effectiveness, and that counsel's deficient performance was so prejudicial as to undermine confidence in the outcome of the trial." Argencourt, supra, 78 F.3d at 16 (citing Strickland, supra, 466 U.S. at 688-89; Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993)); LaBonte, supra, 70 F.3d at 17.

When measuring "whether trial counsel's performance fell below the relevant objective benchmark, '[j]udicial scrutiny of counsel's performance must be highly deferential,' and 'every effort [should] be made to eliminate the distorting effects of hindsight.'" Argencourt, supra, 78 F.3d at 16 (quoting Strickland, supra, 466 U.S. at 689). "The court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" Id.

(quoting <u>Strickland</u>, <u>supra</u>, 466 U.S. at 689).

The second prong of the <u>Strickland</u> test--the "prejudice" element--is similarly difficult for a claimant to surmount. "'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" <u>Id.</u> (quoting <u>Strickland</u>, <u>supra</u>, 466 U.S. at 691). Merely "postulating that counsel's errors had some conceivable effect on the outcome of the proceeding," <u>id.</u> (quotation omitted), is insufficient to demonstrate prejudice. Rather, Minnick "must affirmatively prove 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" <u>Id.</u> (quoting <u>Strickland</u>, <u>supra</u>, 466 U.S. at 694).

Petitioner argues a complicated web of alleged deficiencies in the representation afforded by his New Jersey trial counsel, but the court is hard-pressed to arrive at the result Minnick now seeks.[1] Essentially, investigators in New Jersey obtained

_____

[1]The court notes that the argument made herein regarding the quality of petitioner's counsel during the New Jersey state court proceedings has never heretofore been advanced, either in plaintiff's New Jersey state court appeals or in his direct appeal to the First Circuit subsequent to conviction in this court. Insofar as a claim of ineffective assistance of counsel is one of constitutional dimension, and thus properly before the

4

inculpatory evidence about petitioner's gambling activities through wiretap interception of certain of his conversations. The wiretap interception allegedly provided probable cause for a subsequent search of petitioner's New Jersey residence, wherein a a sawed-off rifle and a silencer were discovered. Petitioner was indicted on both gambling and weapons-related offenses, but a superseding indictment parsed the crimes so that the gambling charges were tried in Union County and the weapons charges were tried in Hunterdon County.

A suppression hearing was sought in the Union County prosecution in May of 1984, but was denied by the trial judge. Petitioner thereafter entered a retraxit plea of guilty to the gambling crimes, but appealed the trial court's denial of the suppression hearing. The appeals court ruled on December 29, 1986, that a suppression hearing should have been held, and if petitioner was successful in suppressing the evidence, then he would be allowed to withdraw his guilty plea. The motion was thereafter denied on remand in March 1987 by the trial judge after oral argument. Subsequent appeal of claimed deficiencies

court under 28 U.S.C. § 2255, "the failure to bring a claim of ineffective assistance of counsel on direct appeal is not subject to the cause and prejudice standard." Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (citing Brien v. United States, 695 F.2d 10, 13 (1st Cir. 1982)).

in the remand suppression hearing offered petitioner no benefit.[2]

Petitioner was tried and convicted in Hunterdon County on the weapons charges in 1985. A separate suppression hearing appears to have taken place in the Hunterdon County prosecution, wherein the trial judge ultimately denied, on November 16, 1984, petitioner's request that the evidence seized be suppressed. See State of New Jersey v. Minnick, Civil No. A-2516-84T4, slip op. at 2 (N.J. Super. Ct. App. Div. Oct. 20, 1986) (per curiam). After sentencing, an appeal was taken which challenged the term of probation assessed but did not otherwise fault the proceedings. The appeals court affirmed the conviction on October 20, 1986, but remanded the matter for resentencing. Petitioner received a fine and probation on resentencing. See Transcript, supra note 2, at 96.

Minnick's first claim is that his counsel's failure to convince the trial court to suppress evidence in the gambling case--to which he entered a plea of guilty--somehow prejudiced his trial in the weapons case.[3] As evidenced by the record, and

---

[2]The Supreme Court of New Jersey has addressed and rejected petitioner's argument that his absence from the hearing offended the Constitution. See Dec. 4, 1990, Transcript of Jury Trial in United States v. Minnick at 126-27.

[3]Insofar as a valid conviction on either the gambling or the weapons offenses is sufficient to sustain the sentence imposed by this court, attention is primarily focused, as in the February 21, 1986, order, on the weapons-related crimes.

as petitioner himself has testified, his trial on the weapons charges was "a completely separate trial." Transcript, supra note 2, at 126. Neither the original 2255 motion nor the instant motion for reconsideration adequately addresses the separate Hunterdon County proceedings.

Moreover, even were counsel's conduct in Hunterdon County found to constitute substandard performance, Strickland's "second line of inquiry is needed because, in itself, dreary lawyering does not offend the Constitution." Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 940 (1995). The question thus becomes whether petitioner suffered actual prejudice in consequence of counsel's purported, and unsubstantiated, blunders.

In order to successfully demonstrate this second prong, petitioner must show a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, supra, 466 U.S. at 694). Neither Minnick's original motion nor his motion for reconsideration supports such "reasonable probability". Indeed, the slim evidence presented by petitioner in support of his arguments, both on the original 2255 motion and on reconsideration, are at best characterized as the type of "conclusory prognostications and perfervid rhetoric," LaBonte,

7

<u>supra</u>, 70 F.3d at 1412-13, which the First Circuit has determined form an inadequate basis upon which to grant 28 U.S.C. § 2255 relief.

Accordingly, petitioner's motion for reconsideration must be and herewith is denied.

Conclusion

For the reasons set forth herein, petitioner's motion for reconsideration (document 4) is denied.

SO ORDERED.

_____<br>
Shane Devine, Senior Judge<br>
United States District Court

May 30, 1996

cc:  Wayne Wesley Minnick, pro se

8