86 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ruben SANTANA-DIAZ, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 95-2011.
 United States Court of Appeals, First Circuit.
 June 17, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge]
 Ruben Santana-Diaz on brief pro se.
 Guillermo Gil, Acting United States Attorney, John C. Keeney, Acting Assistant Attorney General, Theresa M.B. Van Vliet, Chief, and Lena Watkins, Attorney, Criminal Division, Narcotic and Dangerous Drug Section, U.S. Department of Justice, on brief for appellee.
 D. Puerto Rico
 Affirmed.
 Before SELYA, CYR and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ruben Santana Diaz appeals from the district court's dismissal of his petition under 28 U.S.C. § 2255. We affirm for the reasons given briefly below.
 
 
 2
 1. Santana did not raise his claim that the trial court's failure to order identification or production of a confidential informant prejudiced his ability to assert an entrapment defense in his direct appeal. See United States v. Panet-Collazo, 960 F.2d 256, 259 (1st Cir.), cert. denied, 506 U.S. 876 (1992). Failure to raise a constitutional claim on direct appeal ordinarily bars raising the issue on collateral attack unless the petitioner can show cause for the failure and actual prejudice from the alleged trial court error. See Knight v. United States, 37 F.3d 769, 774 (1st Cir.1994).
 
 
 3
 As cause, Santana asserts his appellate counsel's ineffective assistance of counsel. However, as the district court correctly concluded in resolving that issue, the failure to obtain the confidential informant's testimony at trial did not prejudice Santana's ability to assert an entrapment defense. Even assuming that the informant would have testified as Santana suggests, at most his testimony would have established only one element of the entrapment defense--that the government induced Santana to participate in the drug deal in question. To assert an entrapment defense, however, Santana also had to establish at trial that he was not predisposed to commit his crime. See United States v. Panet-Collazo, 960 F.2d 256, 259 (1st Cir.), cert. denied, 506 U.S. 876 (1992). As we held on direct appeal, he never did so. Id. at 259-60.
 
 
 4
 2. Santana bears the burden of showing that the court vindictively sentenced him for exercising his right to a jury trial, as he claims. United States v. Mena-Robles, 4 F.3d 1026, 1037 (1st Cir.1993), cert. denied, 114 S.Ct. 1550 (1994). He has not pointed to any statement by the district court or any other evidence suggesting that there is a "reasonable likelihood" that he received a harsher sentence than he otherwise would have because he went to trial so as to trigger a presumption of vindictiveness. See id. The mere fact that co-defendants, who pled guilty, received lesser sentences does not show that it is reasonably likely that Santana was vindictively sentenced. Id. Hence, the claim of vindictive sentencing fails. Id.
 
 
 5
 Affirmed.