USCA1 Opinion

 

 June 17, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2011 RUBEN SANTANA-DIAZ, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Ruben Santana-Diaz on brief pro se. __________________ Guillermo Gil, Acting United States Attorney, John C. Keeney, ______________ ________________ Acting Assistant Attorney General, Theresa M.B. Van Vliet, Chief, and ______________________ Lena Watkins, Attorney, Criminal Division, Narcotic and Dangerous Drug ____________ Section, U.S. Department of Justice, on brief for appellee. ____________________ ____________________ Per Curiam. Ruben Santana Diaz appeals from the __________ district court's dismissal of his petition under 28 U.S.C.  2255. We affirm for the reasons given briefly below. 1. Santana did not raise his claim that the trial court's failure to order identification or production of a confidential informant prejudiced his ability to assert an entrapment defense in his direct appeal. See United States ___ _____________ v. Panet-Collazo, 960 F.2d 256, 259 (1st Cir.), cert. denied, _____________ ____________ 506 U.S. 876 (1992). Failure to raise a constitutional claim on direct appeal ordinarily bars raising the issue on collateral attack unless the petitioner can show cause for the failure and actual prejudice from the alleged trial court error. See Knight v. United States, 37 F.3d 769, 774 (1st ___ ______ _____________ Cir. 1994).  As cause, Santana asserts his appellate counsel's ineffective assistance of counsel. However, as the district court correctly concluded in resolving that issue, the failure to obtain the confidential informant's testimony at trial did not prejudice Santana's ability to assert an entrapment defense. Even assuming that the informant would have testified as Santana suggests, at most his testimony would have established only one element of the entrapment defense -- that the government induced Santana to participate in the drug deal in question. To assert an entrapment defense, however, Santana also had to establish at trial that he was not predisposed to commit his crime. See United ___ ______ -2- States v. Panet-Collazo, 960 F.2d 256, 259 (1st Cir.), cert. ______ _____________ _____ denied, 506 U.S. 876 (1992). As we held on direct appeal, ______ he never did so. Id. at 259-60.  ___ 2. Santana bears the burden of showing that the court vindictively sentenced him for exercising his right to a jury trial, as he claims. United States v. Mena-Robles, 4 _____________ ___________ F.3d 1026, 1037 (1st Cir. 1993), cert. denied, 114 S. Ct. ____________ 1550 (1994). He has not pointed to any statement by the district court or any other evidence suggesting that there is a "reasonable likelihood" that he received a harsher sentence than he otherwise would have because he went to trial so as to trigger a presumption of vindictiveness. See id. The ________ mere fact that co-defendants, who pled guilty, received lesser sentences does not show that it is reasonably likely that Santana was vindictively sentenced. Id. Hence, the ___ claim of vindictive sentencing fails. Id.  ___ Affirmed. _________ -3-