**Antonio De Jesus DE JESUS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

CIVIL No. 96–2259(JP)
CRIMINAL No. 93–068(JP).

United States District Court,
D. Puerto Rico.

Nov. 4, 1998.

Antonio De Jesús De Jesús, San Juan, PR, pro se.

Warren Vázquez, Assistant United States Attorney, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

PIERAS, District Judge.

## I. INTRODUCTION

The Court has before it Petitioner's motion, filed under 28 U.S.C. § 2255, and United States Response. (**Docket No's. 1 and 14**). In his motion, Petitioner alleges that he was deprived of his right to the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution. He bases his claim on his counsel's failure to object to the introduction of allegedly "false information leading to an incorrect application of the sentencing guidelines" during the sentencing hearing. (Pet.'s Mem. at 1–2). Since the record and motions filed in this case clearly demonstrate that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2255, his petition is hereby **DENIED** without a hearing.

## II. FACTUAL AND PROCEDURAL BACKGROUND

During a Change of Plea Hearing held on June 8, 1993, Petitioner and Co–Defendants agreed to the following explanation of the facts. On February 17, 1993, Co–Defendant Cotal–Crespo spoke with Special Agent Jefferson Morán twice via telephone. At the time, Morán, acting in an undercover capacity, negotiated that Cotal–Crespo and his associates would buy eight kilograms of cocaine for $80,000. Later that day at approximately 1:00 p.m., D.E.A. Task Force Group II, with which Morán was involved, arrived at the Carib Inn Hotel in Isla Verde, Puerto Rico to meet with Cotal–Crespo and his associates and carry out the transaction.

At approximately 1:55 p.m., undercover agents arrived at the Carib Inn to wait for Cotal–Crespo and his associates. Twenty minutes later, Co–Defendant Rodríguez–Bocachica and a confidential informant arrived at the location where Morán had arrived.

Once there, Rodríguez–Bocachica stated to Morán that he was interested in buying eight kilograms of cocaine. Soon thereafter, Rodríguez–Bocachica returned with Petitioner De Jesús, and met with an undercover officer in front of the Carib–Inn. Rodríguez–Bocachica was carrying a backpack and a plastic shopping bag. De Jesús carried a handbag. Morán asked Rodríguez–Bocachica and De Jesús if they had the money for the transaction, to which they said yes.

Subsequently, and upon Morán's request, De Jesús and Rodríguez–Bocachica showed Morán a large amount of U.S. currency, which was in the backpack and shopping bag that Rodríguez–Bocachica was carrying. Furthermore, De Jesús showed Morán U.S. currency in the black handbag that he was carrying. At that point, De Jesús stated to Morán that they had their money mixed together in order to receive the whole amount of narcotics to which they had agreed. Cotal–Crespo then arrived stating that they had $80,000 for eight kilograms of cocaine which would be divided among Defendants. Upon entering the hotel to see the cocaine, undercover agents arrested Defendants.

On February 17, 1993, a federal grand jury returned an indictment that charged Petitioner and his Co–Defendants with conspiring to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). On June 8, 1993 De Jesús pled guilty to one count of an indictment of conspiracy with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On August 11, 1993, Petitioner filed a joint

motion to withdraw his guilty plea. This Court denied Petitioner's Motion and sentenced him to ten years imprisonment followed by a five year term of supervised release. Petitioner appealed this decision to the Court of Appeals, which affirmed this Court's decision.

## III. STANDARD FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

 Section 2255 of Title 28 of the U.S.Code provides a mechanism for attacking the legality of a sentence. A petitioner may move to correct a sentence pursuant to 28 U.S.C. § 2255 only if: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (1994). Failure to raise a constitutional issue on direct appeal bars raising the issue unless the Petitioner can show cause for the failure and actual prejudice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

## IV. DISCUSSION

### A. Failure to Raise a Claim of Ineffective Assistance on Appeal

In their Response to Petitioner's Motion, the Government claims that even if the Court found that Petitioner had an ineffective assistance of counsel, the claim could not be presented because he failed to raise said claim in his appeal. *United States v. Frady,* 456 U.S. 152, 167–168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). The First Circuit has held that failure to raise a constitutional issue on direct appeal bars raising the issue on collateral attack unless the defendant can show cause for failure and actual prejudice. *See Coleman v. Thompson,* 501 U.S. at 750, 111 S.Ct. 2546. Thus, the Government argues that absent a showing of "cause for failure and actual prejudice" in presenting the claim of ineffective counsel, Petitioner is barred from posing such claim before the Court.

 The Court does not agree with the Government's argument. Although the general rule is that before bringing a § 2255 action Defendant must raise all constitutional claims on direct appeal, failure to bring a claim of ineffective counsel on direct appeal is not subject to the "cause and prejudice" standard. *See Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994). The *Knight* Court reasons that a criminal defendant may still be represented on appeal by counsel whose assistance the defendant is challenging on collateral attack. *See id.* Such is the situation in Petitioner's case. Petitioner could not have raised an inadequate assistance claim on appeal since he was then represented by the attorney who was allegedly inadequate during the sentencing hearing. *See Brien v. United States,* 695 F.2d 10, 13 (1st Cir.1982). Even if Petitioner was represented by a different attorney on direct appeal, he could not have raised this claim. In fact, the First Circuit has held that "collateral attack is the preferred forum for such claims, since there is often no opportunity to develop the necessary evidence [of ineffective representation] where the claim is first raised on appeal." *Knight v. U.S.,* 37 F.3d at 774. Ineffective representation claims "require independent development of evidence outside of, and collateral to, the criminal proceeding." *Id.* Thus, the Court will not bar Petitioner's § 2255 Motion for failure to raise an ineffective counsel claim on direct appeal.

### B. Right to Effective Assistance of Counsel

 Petitioner asserts that his defense counsel committed various errors during the sentencing hearing that constitute ineffective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution. According to Petitioner, because the undercover agent in the reverse sting operation set a price lower than market value, Petitioner should have only been sentenced based on 4.4 kilograms of cocaine rather than the 8 kilograms used in the sentencing calculations. Thus, Petitioner concludes that because counsel failed to raise objections regarding the estimated base offense level in the sentencing calculations he was not afforded ef-

fective representation. (Mem. Law Supp. Mot. Filed 28 U.S.C. § 2255 at 4).

Whether Petitioner's right to effective assistance of counsel was violated involves a two prong test: (1) whether the performance of counsel fell below an objective standard of reasonableness, and (2) whether counsel's performance was prejudicial to petitioner's case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Regarding the first part of the test, Petitioner must show that counsel's advise was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The Court, however, will not engage in "Monday Morning Quaterbacking" in assessing Petitioner's counsel's performance, rather it must be deferential toward the attorney's handling of the case. *See Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2052; *Knight v. U.S.*, 37 F.3d at 774.

In making this determination, the Court considers the merits of Petitioner's argument regarding his sentence. He argues that this sentence should have been reduced because the undercover agents in the reverse sting operation set a price lower than market value to manipulate the quantity that Petitioner could purchase. Petitioner cites to *U.S. v. Montoya*, 62 F.3d 1 (1st Cir.1995), for support. The *Montoya* court held that " 'where government agents have improperly enlarged the scope or scale of the crime,' the sentencing court has power to exclude 'the tainted transaction' from the guideline computations and for purposes of any mandatory minimum statute." *U.S. v. Egemonye*, 62 F.3d 425, 427 (1st Cir.1995) (citing *U.S. v. Montoya*, 62 F.3d at 3 and *U.S. v. Connell*, 960 F.2d 191, 195 (1st Cir.1992)). According to Petitioner, because the Court could reduce his sentence due to the agents' alleged manipulation, counsel's failure to object to the sentence constituted an ineffective representation.

Petitioner, however, overlooked an important wrinkle of *Montoya* and its First Circuit progeny. The First Circuit has stressed that only "extraordinary misconduct" by the agents could give rise to excluding the "tainted transaction" from the guideline computa-

tions. *See U.S. v. Montoya*, 62 F.3d at 3. At no point does Petitioner state that he was coerced to buy a larger amount than what he had planned. Nothing in the facts, which Petitioner accepted as true, reveals any misconduct by the agents. Thus, counsel could not have plausibly raised an objection to the manipulation of price in support of a sentencing reduction. Raising such objection in light of the facts would not have altered Petitioner's sentence on her part. For that reason, the Court finds that counsel's failure to object to the sentence does not suggest sub-par competence. The Court hereby **DENIES** Petitioner's Motion under § 2255 without a hearing. The Court need not consider the second prong of the *Strickland* case due to Petitioner's failure to meet the first prong.

IT IS SO ORDERED.