**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2131

UNITED STATES OF AMERICA,

Appellee,

v.

HARRY ARIZMENDI-SERRANO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Lynch and Lipez,
Circuit Judges.

Anita Hill Adames on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Thomas F. Klumper, Assistant U.S. Attorney, and Rosa E. Rodríguez-Vélez, United States Attorney, on brief for appellee.

November 8, 2006

**Per Curiam**.    Harry Arizmendi-Serrano ("Arizmendi") appeals from his drug-trafficking conviction on the sole ground that he was deprived of his Sixth Amendment right to effective assistance of counsel in connection with his guilty plea. Specifically, he faults his trial counsel for erroneously calculating his criminal history category and, on the basis of that miscalculation, erroneously advising him that he would be eligible, via the "safety valve," U.S.S.G. § 5C1.2, to receive a sentence below the statutory mandatory 10-year minimum that would otherwise apply to his offense.    Because the existing record here is sufficiently developed, we depart from our usual practice of treating ineffective assistance of counsel claims raised for the first time on direct appeal as premature and, instead, proceed to consider Arizmendi's claim on its merits.    United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991).

"The touchstone for any ineffective assistance of counsel claim is the two-part test laid down by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).    First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." United States v. Colon-Torres, 382 F.3d 76, 85-86 (1st Cir. 2004) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).    In the context of guilty pleas, "'[t]he second, or "prejudice," requirement . . . focuses on whether counsel's

-2-

constitutionally ineffective performance affected the outcome of the plea process.'" Id. at 86 (quoting Hill, 474 U.S. at 58-59). To satisfy that second requirement, a defendant must "show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. (quoting Hill, 474 U.S. at 59).

We need not determine whether the first requirement is satisfied here because Arizmendi has clearly failed to satisfy the second, prejudice requirement. Knight v. United States, 37 F.3d 769, 775 (1st Cir. 1994). He does not argue that, absent his counsel's error about his criminal history, he would not have pled guilty and would have insisted on going to trial. Cf. Colon-Torres (finding serious indicia of prejudice where defendant "is now adamant that he wants to have the trial option"). Rather, he alleges merely that the error deprived him of "giving consideration to exercising the constitutional right to a jury trial." However, the record is clear that Arizmendi's last-minute decision to forgo a jury trial was motivated not by his counsel's advice about his eligibility for the safety valve but rather by the government's stated intention, on the eve of trial, to file an information about his prior conviction for a felony drug offense, which would have doubled the length of his criminal sentence.[1] Moreover, even after

---

[1]See 21 U.S.C. §§ 841(b)(1)(A) (providing for a 20-year mandatory minimum sentence if a person violates § 841(a) after a prior conviction for a felony drug offense has become final);

-3-

the presentence report found him ineligible for the safety valve because he committed the instant offense while still on probation for a prior offense, he made no attempt to vacate his guilty plea as involuntary or unknowing.

The other form of prejudice that Arizmendi asserts--that "he could have received a more lenient sentence"--is patently nonexistent. The length of his sentence was driven by his prior record and his refusal to cooperate, not by his counsel's advice. Regardless of counsel's advice one way or the other, he was in fact ineligible for the safety valve and would therefore have been subject to, at least, the same ten-year sentence ultimately imposed. Indeed, if he had gone to trial, and the government had filed the intended information, his sentence would have, at least, doubled in length.

Accordingly, we reject Azimendi's ineffective assistance claim on its merits and <u>affirm</u> the judgment. <u>See</u> 1st Cir. R. 27(c).

---

851(a) (prohibiting such an increase in the mandatory minimum unless, before trial or entry of a guilty plea, the United States files an information stating the previous convictions relied upon).