USCA1 Opinion

 

 February 13, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1756 UNITED STATES, Appellee, v. JEFFREY A. DIMINICO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Jeffrey A. Diminico on brief pro se. ___________________ Donald K. Stern, United States Attorney, Mark D. Seltzer, _________________ __________________ Director, New England Bank Fraud Task Force, Fraud Section, Criminal Division, U.S. Department of Justice, Anita S. Lichtblau and Paul M. __________________ _______ Glickman, Trial Attorneys, New England Bank Fraud Task Force, Fraud ________ Section, Criminal Division, U.S. Department of Justice, on brief for appellee. ____________________ ____________________ Per Curiam. Jeffrey A. Diminico appeals the ___________ district court's denial of his 28 U.S.C. 2255 motion. The sole argument made in this motion is that the district court improperly delegated to the United States Probation Office the task of setting a payment schedule for restitution.1 1 Diminico did not raise this issue at sentencing, and he did not pursue a direct appeal. A 2255 motion cannot serve as a substitute for appeal. See United States v. Frady, 456 ___ _____________ _____ U.S. 152, 165 (1982). Having failed to raise his claim of unauthorized delegation of judicial authority on direct appeal, Diminico cannot raise it on collateral attack absent a showing of cause for the failure and actual prejudice. See ___ Coleman v. Thompson, 501 U.S. 722, 750 (1991); Knight v. _______ ________ ______ United States, 37 F.3d 769, 773-74 (1st Cir. 1994). Since ______________ Diminico has not even attempted to meet the cause-and- prejudice requirement, we affirm the denial of his 2255 motion.  Affirmed. ________  ____________________ 1On appeal, Diminico raises additional challenges to the 1 district court's restitution order. Since these issues were not presented in his 2255 motion, we deem them waived. See ___ Singleton v. United States, 26 F.3d 233, 240 (1st Cir.), _________ ______________ cert. denied, 115 S. Ct. 51 (1994). ____________