USCA1 Opinion

 

 May 9, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1880 CARLOS FERRER-CRUZ, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Carlos Ferrer-Cruz on brief pro se. __________________ Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco and _____________ _____________________ Nelson Perez-Sosa, Assistant United States Attorneys, on brief for __________________ appellee. ____________________ ____________________ Per Curiam. Following his conviction for possession __________ with intent to distribute cocaine, appellant Carlos Ferrer- Cruz filed a motion under 28 U.S.C. 2255 seeking to have his sentence vacated, set aside, or corrected. The motion was assigned to the district judge who presided over the trial and sentencing hearing. See Rule 4(a) of the Rules ___ Governing 2255 Proceedings. Since the sentencing hearing had never been transcribed and the court reporter's notes were lost, appellant was ordered to provide a statement of his recollection of the proceedings. The motion was then referred to a magistrate, who recommended that it be denied and dismissed. Thereafter, for reasons which are not entirely clear based on the record, the instant case was administratively transferred to another district judge (hereinafter: motion judge). Appellant did not object to the transfer. After a de novo review, the motion judge __ ____ adopted the magistrate's recommendation. This appeal followed. Appellant's sole argument is that it was error for a judge other than the sentencing judge to rule on his 2255 motion. This argument is waived since it was never presented to the district court. See, e.g., Carreiro v. Rhodes Gill & ___ ____ ________ _____________ Co., 68 F.3d 1443, 1449 (1st Cir. 1995); Clauson v. Smith, ___ _______ _____ 823 F.2d 660, 666 (1st Cir. 1987). Similarly, appellant has abandoned any arguments on the merits of the issues raised in his 2255 motion since he has failed to argue the merits in -3- his appellate brief. See, e.g., Willhauck v. Halpin, 953 ___ ____ _________ ______ F.2d 689, 700 (1st Cir. 1991).  We add simply that we are persuaded that the motion judge -- who had the benefit of the trial transcript, the PSR, and the judgment -- was fully in a position to decide the issues raised in the motion. Contrary to appellant's suggestion, the motion judge was in a position to make, and did make, an independent assessment of whether appellant's sentence would likely have been different if defense counsel had acted differently. Assuming without deciding that appellant's claims premised on inadequate opportunity to review the PSR and failure of the court to make findings regarding his financial condition are cognizable in 2255 proceedings, they are arguably procedurally barred. See ___ Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) ______ ______________ (explaining cause and prejudice requirement). In any event, appellant failed to show that he was prejudiced by the lack of an adequate opportunity to personally review the PSR. Moreover, the PSR thoroughly details appellant's financial condition, and the court's consideration of this condition is evinced by the fact that it chose a fine within appellant's then ability to pay and at the lower end of the applicable range. Cf. United States v. Wilfred Am. Educ. Corp., 953 ___ _____________ ________________________ F.2d 717, 719-20 (1st Cir. 1992) (reviewing court will not presume that sentencing court ignored relevant evidence in -4- the record). Under the circumstances, we do not think a sentencing transcript was essential to evaluate appellant's claims.  Affirmed. ________ -2-