92 F.3d 1169
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Victor ALVAREZ, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 95-1668.
 United States Court of Appeals, First Circuit.
 Aug. 2, 1996.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Carmen Consuelo Cerezo, U.S. District Judge]
 Victor Alvarez on brief pro se.
 Guillermo Gil, United States Attorney, Sonia I. Torres, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a district court order denying a motion by petitioner Alvarez to set aside his conviction and sentence. See 28 U.S.C. § 2255. We affirm the judgment for the following reasons.
 
 
 2
 (1) Petitioner alleges a deprivation of his rights to confrontation, compulsory process, due process and equal protection of the laws, in a trial court ruling that limited the scope of co-defendant Flores's testimony. The same arguments were raised, considered, and rejected on petitioner's direct appeal. United States v. Alvarez, 987 F.2d 77, 81-83 (1st Cir.), cert. denied, 510 U.S. 849 (1993). They may not be resurrected on collateral review. See Murchu v. United States, 926 F.2d 50, 55 (1st Cir.), cert. denied, 502 U.S. 828 (1991).
 
 
 3
 (2) Petitioner alleges ineffective assistance of counsel at trial, and related deprivations of his rights under the Fourteenth Amendment, in connection with the erroneous admission into evidence of co-defendant Matos's pre-trial statement. However, to sustain such a claim a petitioner must show prejudice, meaning that but for his counsel's alleged error the result of the proceeding would have been different. See Argencourt v. United States, 78 F.3d 14, 15 (1st Cir.1996). On direct appeal, petitioner made the same argument as to prejudice that he makes here, i.e., that "spillover prejudice" from the erroneous admission of Matos's statement entitled him to a reversal or new trial. A panel of this court concluded that although Matos was entitled to a reversal due to the error, as to petitioner there was sufficient evidence to sustain the jury's verdict. Alvarez, 987 F.2d at 83-84. Thus this claim, too, is foreclosed by the decision on direct review, and we need not reach petitioner's allegation that trial counsel's performance in this regard was deficient.
 
 
 4
 (3) Petitioner claims that the district court erred at sentencing in attributing to him the total weight of the cocaine found in all three codefendants' suitcases. This alleged nonconstitutional, nonjurisdictional error was not raised on direct appeal. It may not be considered for the first time under § 2255 absent a showing of "exceptional circumstances" amounting to a complete miscarriage of justice. Knight v. United States, 37 F.3d 769, 772-73 (1st Cir.1994). No exceptional circumstances were shown here.[1]
 
 
 5
 Although no other issues are raised in petitioner's briefs, appellee spontaneously argues that defense counsel's failure to call petitioner as a witness at the trial was probably a deliberate strategic decision. Petitioner now contends that he needs the assistance of counsel to brief this new question. As the issue itself is not properly before us (it was not squarely presented to the court below), and in any event we see no reason to appoint counsel, petitioner's supplementary memorandum seeking reconsideration of our order denying an appointment of counsel is denied.
 
 
 6
 The judgment below is affirmed.
 
 
 
 [1]
 While this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Although neither party has raised the issue, we note that we need not decide in this case whether any of the amendments in the Act apply, since it would not alter our disposition