Gray v. USA                            CV-97-211-SD  05/21/97
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


<u>Alton N. Gray</u>


        v.                              Civil No. 97-211-SD


<u>United States of America</u>



                              O R D E R


     Alton "Dan" Gray moves the court for relief from sentence
pursuant to 28 U.S.C. § 2255.[1]  The thrust of his motion is that
misapplication of the sentencing guidelines was had at the time
sentence was imposed.

     Gray was indicted with others in July 1989 for offenses
arising from an alleged conspiracy to distribute narcotics.  On
October 17, 1989, he entered a plea of guilty to Count I of said
indictment, which charged him with conspiracy to procure with

_____

     [1]28 U.S.C. § 2255 sets forth four grounds upon which a
federal prisoner may claim relief: "(1) 'that the sentence was
imposed in violation of the Constitution or laws of the United
States;' (2) 'that the court was without jurisdiction to impose
such sentence;' (3) ' that the sentence was in excess of the
maximum authorized by law;' and (4) that the sentence 'is
otherwise subject to collateral attack.'"  <u>Hill v. United States</u>,
368 U.S. 424, 426-27 (1962) (quoting the statute).

intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On January 3, 1989, Gray was sentenced to 235 months' imprisonment and 60 months of supervised release. He raised no challenge to the calculation or application of the sentencing guidelines at the time of sentence, and no direct appeal was taken from the sentence.

Gray's plea agreement provided that the government would move for a reduction of sentence if satisfied that Gray provided cooperation. Gray did so, and the government subsequently moved for such a sentence reduction. The court granted the government's motion on January 8, 1991, and reduced Gray's sentence of incarceration to 144 months.[2]

For reasons unclear, Gray now challenges his original sentence, seeking to have it reduced from 235 months to 188 months. The thrust of his claim is that fewer people were involved in the conspiracy than the number detailed by the government at his plea hearing.

Gray's present position overlooks the fact that at his plea hearing, under oath, when the government described the extensive

---

[2]Under date of January 22, 1991, Gray wrote to the court seeking to challenge the amount of cocaine involved in the conspiracy. The court treated the letter as a motion pursuant to 28 U.S.C. § 2255, and denied the motion by order of February 20, 1991.

nature of and number of participants in the conspiracy, his only challenge was to the amount of money involved in the drug sales. Moreover, as his present claims fail to allege a constitutional error for lack of jurisdiction, and do not set forth "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure," Hill, *supra*, 368 U.S. at 428, they do not "present exceptional circumstances where the need for remedy afforded by the writ of habeas corpus is apparent." Id.; Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). Moreover, allowing Gray to bring forward this claim at this late date would be allowing him to use 28 U.S.C. § 2255 as a substitute for appeal, a procedure which is not available to him. Knight, supra, at 773.[3]

As the motion and files and records of the case conclusively show that Gray is entitled to no relief, his motion for relief

---

[3]Moreover, the matter at issue was filed April 28, 1997, and the April 24, 1996, amendments to 28 U.S.C. § 2255 contain a one-year statute of limitations. Under the circumstances of this case, that one-year statute is well beyond "the latest of" any of the triggering events which cause it to run.

from sentence must be and it is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 21, 1997

cc:   Alton Gray, pro se
      United States Attorney