**Jean Bernard DURE,**

v.

**UNITED STATES of America.**

No. 00–064T.

United States District Court,
D. Rhode Island.

Jan. 11, 2001.

Jean Bernard Cure, Raybrook, NY, for Plaintiff.

Edwin J. Gale, AUSA, U.S. Attorney's Office, Providence, RI, for Defendant.

### MEMORANDUM AND ORDER

TORRES, Chief Judge.

Jean Dure has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate or correct his sentence. For reasons explained below, the motion is denied.

#### Facts and Background

On February 2, 1998, Dure pled guilty to charges of conspiring to distribute cocaine

and attempting to possess cocaine with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Dure received concurrent sentences of 135 months on each of the two charges. That sentence was affirmed on appeal. *United States v. Dure*, 181 F.3d 81 (1st Cir.1999) (table) (text of unpublished decision available at 1999 WL 525933).

Dure makes four claims in support of his § 2255 motion. They are:

1. That the Court erred in assessing criminal history points pursuant to U.S.S.G. § 4A1.1(d) on the ground that Dure committed the offenses of conviction while on probation.

2. That, in calculating Dure's base offense level, the Court erred in holding him responsible for the 5 kilograms of cocaine that was the subject of the conspiracy.

3. That the Court erred in reducing Dure's net offense level by two levels rather than three levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1.

4. That Dure's counsel was ineffective during plea negotiations and in sentencing.

### Discussion

I. *Section 2255*

The relevant portion of § 2255 provides:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under § 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. *Knight v. United States*, 37 F.3d 769, 772 (1st Cir.1994). *See United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

II. *The Alleged Sentencing Errors*

Dure's claims that his guideline range was incorrectly calculated do not warrant relief for several reasons.

First, since claims of errors in calculating guideline sentencing ranges do not raise constitutional or jurisdictional issues, the alleged errors must satisfy the "exceptional circumstances" test in order to be cognizable under § 2255. The errors claimed by Dure fall far short of satisfying this standard.

Second, Dure is precluded from raising these claims because he failed to assert them on appeal. A defendant who fails to raise issues on direct appeal is procedurally barred from raising them in a subsequent § 2255 motion unless the defendant demonstrates "cause and prejudice" or "actual innocence." *E.g., Brache v. United States*, 165 F.3d 99, 102 (1st Cir.1999). Dure's attempt to establish "cause" by asserting that his appellate counsel was ineffective in failing to pursue the alleged errors, on appeal, is insufficient for reasons stated below.

Third, in any event, Dure's claims of sentencing error are without merit.

Guidelines § 4A1.1(d) requires that two points be added to a defendant's criminal history "if the defendant committed the instant offense while under any criminal justice sentence, including probation ..." U.S.S.G. § 4A1.1(d). The presentence report clearly shows that on November 19, 1992, Dure received a suspended sentence and was placed on probation for a period of five years by the Rhode Island Superior Court for leaving the scene of an accident in which personal injury resulted. The indictment, in this case, describes the offenses to which Dure pled guilty as having been committed on or before October 29, 1997, which was within the five-year probationary period. Therefore, Dure's bald and unsupported assertion that he was, "[I]n effect discharged from * * * the [Rhode Island] case used to enhance his criminal history, in September of 1997" (Petitioner's Memorandum in Support of § 2255 Motion at 1), is contradicted by the record.

■ Dure's claim that he should not have been held responsible for the five kilograms of cocaine that was the object of the conspiracy also lacks merit. A participant in a drug conspiracy "is responsible not only for the drugs he actually handled or saw but also for the full quantity of drugs that he reasonably could have foreseen to be embraced by the conspiracy he joined." *United States v. Rodriguez,* 162 F.3d 135, 149 (1st Cir.1998). In this case, distribution of a five-kilogram quantity of cocaine was not only foreseeable, it was the express object of the conspiracy. In fact, in his plea agreement, Dure acknowledged his awareness of the quantity involved.

■ Finally, Dure's argument that he was entitled to a three-level reduction for acceptance of responsibility does not pass muster. Guideline § 3E1.1(b)(2) provides for a three-level reduction for pleading guilty only if the defendant "timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial

and permitting the Court to allocate its resources efficiently." Dure did not satisfy this requirement because he did not sign his plea agreement until three days before the date scheduled for jury impanelment. By that time, the government had completed its trial preparations; the jurors had been summoned and the Court had finalized its trial schedule.

### III. *The Ineffective Assistance Claim*

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must establish that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's deficiency. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

An attorney's performance is deficient when it is "so inferior as to be objectively unreasonable." *United States v. McGill,* 11 F.3d 223, 226 (1st Cir.1993). The adequacy of a defense attorney's representation is evaluated without "the distorting effects of hindsight and in light of the circumstances as they existed at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

■ The defendant has the burden of identifying the specific acts or omissions that constitute the allegedly deficient performance and presenting facts supporting his claim. Conclusory allegations or factual assertions that are unsupported, fanciful or contradicted by the record, are insufficient. *See Lema v. United States,* 987 F.2d 48, 51–52 (1st Cir.1993). *See also, Barrett v. United States,* 965 F.2d 1184, 1186 (1st Cir.1992) (summary dismissal of § 2255 motion proper where, *inter alia,* grounds for relief are based on bald assertions).

■ Dure's claims of ineffective assistance fall into two categories. First, he faults counsel for not pursuing the alleged sentencing errors that are the subject of his motion. However, as already noted,

there was no merit to those claims of error. Counsel cannot be deemed ineffective for failing to pursue futile arguments. *See Vieux v. Pepe,* 184 F.3d 59, 64 (1st Cir.1999), *cert. denied,* 528 U.S. 1163, 120 S.Ct. 1178, 145 L.Ed.2d 1086 (2000).

The second category of claims consists of vague, unsupported and conclusory allegations. For example, Dure asserts that counsel's inadequate performance during plea negotiations caused Dure to be subjected to "the detrimental effects of a bad faith bargain." Petitioner's memorandum at 3. However, he offers no explanation as to how his counsel allegedly was deficient. Nor does he adequately explain or support any of the remaining allegations of ineffective assistance.

### Conclusion

For all of the foregoing reasons, Dure's § 2255 motion is denied.

IT IS SO ORDERED.