Plinio **SANCHEZ–BAEZ,**

.v.

**UNITED STATES of America.**

No. C.A. 99–478T.

United States District Court, D. Rhode Island.

Jan. 19, 2001.

Plinio Sanchez–Baez, pro se.

Andrew Reich, AUSA, U.S. Attorney's Office, Providence, RI, for Defendant.

## MEMORANDUM AND ORDER

TORRES, Chief Judge.

The petitioner, Plinio Sanchez Baez, has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

### Background

Sanchez pled guilty to violating 8 U.S.C. § 1326(a), by unlawfully re-entering the United States after having been deported. The deportation resulted from petitioner's Massachusetts state court conviction for distribution of cocaine.

The applicable guideline sentencing range was 46–57 months and Sanchez received a sentence of 57 months. He did not appeal that sentence.

In his § 2255 motion, Sanchez makes four claims: (1) that the Court failed to state its reasons for imposing the maximum sentence under the guidelines, in violation of 18 U.S.C. § 3553(c); (2) that the Court erred by considering his Massachusetts state conviction in calculating his guideline sentencing range; (3) that the Court failed to advise him of his right to appeal his sentence, in violation of Fed. R.Crim.P. 32(c); and (4) that his attorney was deficient in failing to advise him of his right to appeal his sentence or to pursue an appeal.

### Discussion

28 U.S.C. § 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under § 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. That is, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Errors warranting a reversal on direct appeal will not necessarily support a collateral attack. *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994). *See United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Section 2255 is not a substitute for direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)

None of Sanchez' first three claims raise issues of constitutional or jurisdictional dimension and he has failed to demonstrate "exceptional circumstances" that would warrant considering them in connection with a § 2255 motion. In any event, all of his claims lack merit.

1. *Reasons for Sentence.*

Section 3553(c) requires a sentencing court to state its reasons for imposing a sentence within the applicable guideline range *only* when the range is 24 months or more. That section provides:

> **Statement of reasons for imposing a sentence.**—The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—
>
> (1) is of the kind, and within the range [specified by the sentencing guidelines], and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range.

In this case, the applicable guideline range was 46–57 months. Since that range was less than 24 months, the court was not required to articulate its reasons for imposing a sentence within the range.

2. *The Massachusetts Conviction.*

Sanchez' 1996 Massachusetts conviction for distributing cocaine was set forth in the presentence investigation report (PSR). It was considered in calculating Sanchez' offense level and criminal history category and resulted in a greater guideline range than otherwise would have been applicable. Sanchez did not object to the PSR within the 14–day period prescribed by Fed.R.Crim.P. 32(b)(6)(B) and the Local Rules of the United States District Court for the District of Rhode Island, L.R. 40.2. Nor does Sanchez dispute the fact or finality of that conviction. However, at his sentencing hearing, Sanchez asserted that he was innocent of the Massachusetts charge and that his lawyer in that proceeding had failed to appeal despite Sanchez' instruction that he do so. Accordingly, he argued that the Massachusetts conviction should not be considered for federal sentencing purposes.

Sanchez' claim that the Court erred in rejecting that argument is without merit for two reasons. First, Sanchez waived any objection to considering his Massachusetts conviction because he did not object to the PSR within 14 days after he received it, as required by Fed.R.Crim.P. 32(b)(6)(B) and L.R. 40.2. It was not until the time of sentencing that Sanchez first raised the issue.

More importantly, there was no basis for excluding the Massachusetts conviction from the calculation of Sanchez' sentence. As already noted, Sanchez did not dispute the fact of conviction. He merely asserted his innocence and that his attorney in the state proceeding had neglected to pursue an appeal. However, a federal sentencing hearing "is an inappropriate forum for ineffective assistance of counsel claims addressed to prior convictions." *United States v. Mangos,* 134 F.3d 460, 465 (1st Cir.1998). *See Custis v. United States,* 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). Instead, as the court advised Sanchez at sentencing, the proper means for seeking relief from the state conviction was to pursue his claim in the Massachusetts courts. Since the Massachusetts conviction had not been declared invalid, it was properly considered in calculating Sanchez' guideline range. *See United States v. Luna–Diaz,* 222 F.3d 1 (1st Cir.2000).

3. *Notification of Right to Appeal.*

Fed.R.Crim.P. 32 provides, in pertinent part:

> **(c) Sentence.**
>
> * * *
>
> **(5) Notification of Right to Appeal.** After imposing sentence in a case which has gone to trial on a plea of not guilty, the court must advise the defendant of

*the* right to appeal. After imposing sentence in any case, the court must advise the defendant of *any* right to appeal the sentence * * * (emphasis added).

On its face, Rule 32(c)(5) distinguishes between cases in which the defendant pled not guilty and was convicted after trial, and cases in which the defendant pled guilty. When the defendant is convicted, after trial, the right to appeal is automatic and the court always is required to advise the defendant of that right. Indeed, the rule refers to "the" right to appeal. By contrast, a defendant who has admitted his guilt by pleading guilty may or may not have a right to appeal his sentence. Thus, the rule requires only that the court advise that defendant of "any" right to appeal that he may have.

 When a right to appeal exists under either scenario, it is not the province of the district court to decide whether the potential appeal has merit. Rather, the defendant is entitled to have the merits of his appeal determined by the court of appeals and the district court is required to advise him of his right to appeal. By contrast, when a defendant has pled guilty and there is no issue that, properly, can be raised on appeal, the district court is not obliged to inform the defendant that he has a non-existent right.

Since Sanchez pled guilty, any right to appeal that he might have would be limited to an appeal from the sentence imposed. The statute governing appellate review of sentences provides:

**Review of a sentence**

**(a) Appeal by a defendant.**—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742.

In this case, the sentence imposed was less than the statutory maximum[1]; there was an applicable guideline; and the sentence was within the applicable guideline range. Sanchez' claim is that the Court incorrectly applied the guidelines by including the Massachusetts conviction in the calculation of his guideline range. However, as previously stated, Sanchez waived that objection. Even if he had not, the fact of conviction was not disputed and there was no suggestion that the conviction was uncounseled. *See Custis*, 511 U.S. at 487, 114 S.Ct. 1732. In effect, Sanchez sought to collaterally challenge his state court conviction. Such challenge, clearly, is impermissible in the context of a federal sentencing. *Id.* at 496, 114 S.Ct. 1732.

In short, because Sanchez pled guilty, raised no objections to the PSR and was sentenced within the applicable guideline range, there was no issue that he could raise on appeal. That is precisely what the Court told him. The Court further advised Sanchez that if he succeeded in vacating his Massachusetts conviction, he might have a basis for, later, seeking a reduction of his federal sentence.

---

1. The applicable statutory provision, 8 U.S.C. § 1326(b)(2) provides for a maximum term of imprisonment of 20 years.

### 4. *Ineffective Assistance.*

A defendant alleging denial of his Sixth Amendment right to counsel must demonstrate: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Sanchez' ineffective assistance claim rests on the premise that his attorney was deficient in failing to advise him of his right to appeal. That claim fails because, as already noted, Sanchez had no right to appeal since there was no issue that he could have raised on appeal. Accordingly, counsel could not have been deficient by failing to advise Sanchez of a non-existent right.

### Conclusion

For all of the foregoing reasons, Sanchez' motion to vacate, set aside or correct his sentence is denied.

IT IS SO ORDERED.