Conway v. United States          CV-01-238-M    07/12/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


John W. Conway,
      Petitioner

      v.                                      Civil No. 01-238-M
                                              Opinion No. 2001 DNH 124
United States of America,
      Respondent


                            **O R D E R**


      Petitioner was convicted, inter alia, of conspiracy to

defraud the United States (Medicare) and to commit mail fraud

(Count I).  The conspiracy was alleged to have continued through

the date of indictment – January 7, 1998.  He did not appeal his

convictions or sentence, but now seeks post-conviction relief

pursuant to 28 U.S.C. § 2255.  He raises two issues, but neither

is meritorious.

      First, petitioner claims that his right to due process was

denied, in that his sentence included a provision requiring him

to pay restitution in the amount of $2,273,238 pursuant to the

provisions of a federal statute that he claims was not applicable

to his underlying criminal conduct.  He also challenges the

restitution component of his sentence on grounds that he lacked (and presumably lacks) the financial ability to comply.

Second, citing the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), petitioner says that the jury, and not the sentencing judge, should have determined any facts used to enhance his sentence under the United States Sentencing Guidelines.

Petitioner faces a number of difficulties in pursuing his claims, not the least of which are those flowing from his failure to directly appeal his convictions or sentence. A petition under § 2255 cannot be used to obtain relief that would have been available on direct appeal. See United States v. Frady, 456 U.S. 152 (1982); see also Prou v. United States, 199 F.3d 37 (1st Cir. 1999); David v. United States, 134 F.3d 470 (1st Cir. 1998). "A nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances." Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994)(citations omitted). There are no exceptional circumstances proffered by petitioner, and the errors asserted do not rise to the level of a fundamental defect inherently resulting in a complete miscarriage of justice, or an

2

omission inconsistent with the rudimentary demands of fair procedure. See Id. (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). And, even accepting petitioner's characterization of his restitution claim as a constitutional one, "[n]ormally, failure to raise a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the [petitioner] can show cause for the failure and actual prejudice." Id., at 774 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).[1] So, to the extent petitioner describes his restitution complaint in constitutional terms (denial of due process and ex post facto application of the Mandatory Victims Restitution Act ("MVRA")), those claims are procedurally defaulted, and he has made no showing at all of cause for the default, or prejudice.[2]

Petitioner did not object at sentencing to the loss calculation (indeed it was stipulated), nor to the imposition of

---

[1] Petitioner does not assert an ineffective assistance of counsel claim, which would not be subject to the "cause and prejudice" test. See Brien v. United States, 695 F.2d 10, 13 (1st Cir. 1982).

[2] Prejudice would be particularly difficult to show since the loss amount was agreed upon and petitioner disclosed substantial assets (over $450,000), not including assets held in the name of his spouse that could well be subject to levy to meet petitioner's restitution obligation. Full restitution of the stipulated amount would in all probability have been imposed even if not required under the MVRA.

restitution, nor to the MVRA's application to him, and petitioner chose to forego an appeal. Therefore, petitioner's failure to raise the restitution issue on direct appeal, and failure to show cause or prejudice for the procedural default, preclude his raising it now under § 2255, whether it is considered a constitutional or nonconstitutional matter.

But, even if the merits of his restitution claim could be considered, it would still fail. As noted, petitioner was convicted of participating in a conspiracy to defraud the medicare program through January 7, 1998. The MVRA became effective nearly two years earlier on April 24, 1996, and, accordingly, applied to petitioner at sentencing. The MVRA required that petitioner make full restitution to the victim of his offense in the amount of the occasioned loss. 18 U.S.C. § 3663A. Petitioner's claims to the contrary, based on the timing of "overt acts" in furtherance of the continuing conspiracy, are unavailing.

As for petitioner's second complaint – that his sentence was improperly enhanced by factors determined by the sentencing judge, by a preponderance of the evidence, rather than the jury, beyond a reasonable doubt, as allegedly required by the Supreme Court's decision in Apprendi – he is simply incorrect.

4

Petitioner's sentence did not exceed the statutory maximum for the offenses of conviction.  And, as the court of appeals for this circuit just reiterated, Apprendi is not applicable to cases such as this:

> We heretofore have concluded, and today reaffirm, that Apprendi does not apply to findings by the sentencing judge, under a preponderance-of-the-evidence standard, that elevate a defendant's guideline sentencing range (and, thus, his ultimate sentence), so long as the imposed sentence does not outstrip the default statutory maximum.  See United States v. Caba, 241 F.3d 98, 101 (1st Cir. 2001)("Apprendi simply does not apply to guideline findings.").

United States v. Gomez, ___ F.3d ___, 2001 WL 741595 at *6 (1st Cir. July 6, 2001).

Accordingly, as the petition, files, and records of the case conclusively show that petitioner is entitled to no relief, the petition for post-conviction relief is hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 12, 2001

cc:  Jeffrey M. Brandt, Esq.
     Peter E. Papps, Esq.